IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KELLEY LEGER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. _____ |
| COWBOY MOTORSPORTS OF | § | JURY TRIAL DEMANDED |
| BEAUMONT, L.P. Also Known As | § | |
| HARLEY-DAVIDSON OF | § | |
| BEAUMONT, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff KELLEY LEGER (hereinafter "Leger" or "Plaintiff") and brings this suit against and complains of COWBOY MOTORSPORTS OF BEAUMONT, L.P. also known as HARLEY-DAVIDSON OF BEAUMONT, (referred to as "COWBOY MOTORSPORTS"). Plaintiff states as follows:

### A.    NATURE OF THE CASE

1.    This employment discrimination case is brought by Kelley Leger, a 55 year old female that was terminated from her position with Defendant as Department head Manager, Buyer after fourteen (14) years.  Plaintiff Leger brings this age discrimination case pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §21.001, *et seq.*

2.    Leger brings this action because DEFENDANT COWBOY MOTORSPORTS OF

BEAUMONT, L.P. has maintained a discriminatory workplace in which she has been subject to discrimination based upon her age.

3.     Further, Defendant has made a pattern and practice of terminating older employees upon the arrival of the new manager, Mr. Jason Ball.  Mr. Ball fired another employee, also 55 and with fifteen (15) years of service to the company, after requiring him to train his replacement, a male in his thirties.

## B.     PARTIES

4.     Plaintiff KELLEY LEGER is an individual, who is a citizen of the State of Texas and at all times relevant to this complaint was a resident of the district and resided in the County of Jefferson, State of Texas where a substantial part of the events or omissions giving rise to the claim occurred.

5.     Defendant COWBOY MOTORSPORTS OF BEAUMONT, L.P., is a domestic limited partnership.  Service of process may be served upon the registered agent Michael A. Havard at 490 Park Street, Beaumont, Texas  77701.

## C.     JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331, 29 U.S.C. §626; and 28 U.S.C. §1367.  This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     On April 7, 2016, Leger, filed her initial complaint with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission – Civil Rights Division ("TWCCRD").

8.     Leger has exhausted any applicable administrative remedies and on November 2, 2016, received the Dismissal and Notice of Right to Sue letter (dated October 31, 2016) from EEOC.  This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

9.     All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

10.     Venue is proper in this judicial district court under 28 U.S.C. §1391(b) because a substantial portion of the actions and omissions giving rise to Plaintiff's claims occurred at Cowboy Motorsports' location in Beaumont, Jefferson County, Texas.   Venue is therefore proper in this district and division.

## D.     STATEMENT OF FACTS

11.     Plaintiff Leger, a fifty-five (55) year old female, became employed with Defendant Cowboy Motorsports in 2001 as a Department Head Manager, Buyer where she remained for fourteen (14) years.

12.     In 2015, there were some changes in management.  Specifically, after Mr. Jason Ball, the new General Manager transferred to the Beaumont, Texas location, he immediately instructed Leger to train Ms. Victoria Ball, his wife, who was in her thirties for the Department Head Manager, Buyer duties.

13.     Ms. Leger explained that she had previously trained two assistants that were there

to take care of anything in her absence.  Mr. Ball was steadfast that she had to train Ms. Ball.  He specifically responded that she was required to train Ms. Ball to take care of her duties if Ms. Leger was absent or if *something were to happen to her*.

14.     Following his directives, Ms. Leger trained Ms. Victoria Ball.  Ms. Victoria Ball had no previous background knowledge on retail; therefore, Ms. Leger worked with the inventory and the store numbers.

15.     During the early part of December of 2015, Ms. Leger was called to Mr. Ball's office.  When she arrived to Mr. Ball's office, she noticed Mr. Randy Morgan, the Human Resources Director was present.  In that meeting, Mr. Ball informed Ms. Leger that she was a valued member of the company and was doing such a great job.  She thanked Mr. Ball for his compliments.

16.     Then on December 21, 2015, Mr. Ball called her to his office once again and handed her a termination letter which stated that she lacked employee training and department growth.   The termination letter also stated that Ms. Leger was not eligible for re-employment with Cowboy Motorsports.  Obviously, Ms. Leger was shocked as she had never been reprimanded verbally or in writing for her job performance.  She had never been told that her performance was unsatisfactory.  Mr. Morgan, the Human Resources Director appeared aware that her termination was unwarranted, as he told her:  "I promise you, I knew nothing about this and I'm just as surprised as you are."

17.     Ms. Leger was subsequently replaced by someone in her thirties, her trainee, Ms. Victoria Ball.

18.     Shortly after terminating Ms. Leger, Mr. Ball operated in the same manner with

another fifty-five (55) year old long time employee, Mr. James Gray.  Indeed, Mr. Ball had the IT duties and access to the server removed from Mr. Gray and given to a much younger male in this thirties.

19.     Further, Mr. Ball required Mr. Gray to train a younger male in his duties as the Parts Manager.  Mr. Ball, in the same fashion as he had done with Ms. Leger, terminated Mr. Gray, stating:  "This is it".   Mr. Ball then handed Mr. Gray a termination letter that stated his termination reason as failure to maintain leadership and training.  Mr. Gray was replaced by a younger male that he had been required to train even though he had other assistants (older than the male trainee) that were trained in his duties to work  if ever he was absent.

20.     Mr. Gray had never received any write ups during his sixteen (16) years of employment with Cowboy Motorsports.

21.     On or about April 7, 2016, Leger filed a charge of age discrimination (pattern and practice) with the Equal Employment Opportunity Commission ("EEOC").

22.     The EEOC is the federal governmental agency tasked with investigating alleged violations of Title VII.

23.     The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state protected rights of Leger.

### E.     CAUSES OF ACTION

### Count No. 1-Age Discrimination Under Age Discrimination in
### Employment ("ADEA")

24.     Leger repeats and re-alleges paragraphs 1 through 23 with the same force and effect

as though fully set forth herein.

25.    Cowboy Motorsports had a pattern and practice of discriminating against older employees once the new younger manager was transferred to Beaumont, Texas.

26.    He required at least two of the oldest employees to train their much younger replacements prior to termination. Plaintiff Leger had never received a written or verbal reprimand regarding her failure to perform during the fourteen (14) years that she had been employed with the company.

27.    Cowboy Motorsports' actions as described above constitute intentional age discrimination under 29 U.S.C.§623(a).   Specifically, Cowboy Motorsports terminated Plaintiff after requiring her to train her replacement.  He also failed and refused to consider, assist or place Leger in another job within the company due to her age, as he specifically listed in her termination letter that she was not eligible for reemployment.

28.    As a result of Cowboy Motorsports' actions, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages, lost raises, seniority and benefits associated with employment.

29.    Cowboy Motorsport's actions were willful, thereby entitling Plaintiff to liquidated damages under 29 U.S.C.§626(b).

30.    Plaintiff seeks attorneys' fees and costs of suit under 29 U.S.C.§626(b).

31.    Leger is now suffering and will continue to suffer past and future non-pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  These irreparable injuries and monetary damages are the result of Cowboy Motorsports' practices and they will continue unless and

until this Court grants relief.

## Count No. 2- Texas Commission on Human Rights Act—Age Discrimination (Texas Labor Code)

32.     Leger repeats and re-alleges paragraphs 1 through 31 with the same force and effect as though fully set forth herein.

33.     The employment practices complained of above were intentional and based upon age.

34.     Defendant's actions, either through themselves or through their agents, representatives and/or employees, constituted unlawful discrimination, in violation of the Texas Labor Code §21.051.  Specifically, Cowboy Motorsports required Plaintiff to train her much younger replacement prior to terminating Ms. Leger.  In terminating her, she was prohibited from reemployment.  As a pattern of age discrimination after the new manager, Mr. Ball, arrived, Cowboy Motorsports also required another fifty-five (55) year old long term employee to train his much younger replacement prior to terminating him.

35.     As a result of Defendant's discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment.

36.     As a further result of Defendant's discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including, *inter alia*, humiliation, damages to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses.

37.     Cowboy Motorsports has acted and continues to act with malice and/or reckless

indifference to Plaintiff's state-protected rights, thereby entitling her to punitive damages under Texas Labor Code §21.2585.

38.     Cowboy Motorsports' discriminatory conduct forced Plaintiff to retain the assistance of counsel in order to redress the harms inflicted on her.  Consequently, Plaintiff seeks reasonable attorneys' fees, expert fees, and court costs under Texas Labor Code §21.259.

### F.     JURY REQUEST

39.     Plaintiff requests a trial by jury.

### G.     PRAYER

For these reasons, Plaintiff, KELLEY LEGER prays that Defendant COWBOY MOTORSPORTS BEAUMONT, LP be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a)      For actual damages;

b)      Back pay to compensate Leger for loss of income and/or employment related  benefits resulting from the discriminatory actions of Defendant;

c)      Compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;

d)      The greater of liquidated damages under the ADEA or punitive damages under Chapter 21 of the Texas Labor Code as Defendant's actions were willful;

e)      An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

f)      Pre-judgment interest at the highest rate allowed by law;

g)      Post-judgment interest at the highest rate allowed by law; and

h)      For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.


Respectfully submitted:

**MOORE & ASSOCIATES**

By: _____
Melissa Moore
State Bar No. 24013189
Rochelle Owens
Federal Id. No. 590507
State Bar No. 24048704
Lyric Centre
440 Louisiana, Suite 675
Houston, Texas  77002
Telephone: 713.222.6775
Facsimile: 713.222.6739

**ATTORNEYS FOR PLAINTIFF**